IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CHAD HUTCHINS )
)
v. ) NO. 3-11-1167
) JUDGE CAMPBELL
McKESSON SPECIALTY CARE )
SOLUTIONS )

MEMORANDUM

Pending before the Court is Plaintiff's Motion to Remand (Docket No. 5). For the reasons stated herein, Plaintiff's Motion is GRANTED.

FACTS

Plaintiff filed this action against his former employer in the Circuit Court for Rutherford County, Tennessee, alleging common law retaliatory discharge arising from a worker's compensation claim. Docket No. 1-2. Plaintiff's Complaint seeks "an appropriate amount of damages for lost income, benefits and expenses incurred," punitive damages, costs, discretionary costs, and "what other and further relief as may be deemed appropriate by the Court." *Id*.

Defendant removed the action to this Court pursuant to 28 U.S.C. §§1446 and 1332, claiming complete diversity of citizenship of the parties and an amount in controversy exceeding $75,000. Docket No. 1. Plaintiff has moved to remand the action, arguing that the amount in controversy is less than $75,000.

REMOVAL OF WORKER'S COMPENSATION ACTIONS

The parties to this action have overlooked one important statutory prohibition. Federal law specifically provides that a civil action in state court arising under the worker's compensation laws

of that state may not be removed to any district court of the United States. 28 U.S.C. § 1445(c). No one disputes that Plaintiff's action alleges retaliation for filing a worker's compensation claim.

Whether a case "arises under" the worker's compensation laws is a question of federal law. *Thompson v. Cort Furniture Rental Corp.*, 797 F.Supp. 618, 619 (W.D. Tenn. 1992). This Court agrees with the reasoning in *Thompson* and finds that a suit alleging that an employee was discharged in retaliation for filing worker's compensation claims "arises under" the worker's compensation laws and, therefore, is nonremovable to federal court. *Thompson*, 797 F.Supp. at 624; *see also Brown v. Fedex Freight, Inc.*, 2010 WL 1963385 (M.D. Tenn. May 17, 2010).[1]

For this reason, Plaintiff's Motion to Remand is GRANTED, and this action is remanded to the Circuit Court for Rutherford County, Tennessee.

IT IS SO ORDERED.

                                                                                       *Todd Campbell*
                                                                                       TODD J. CAMPBELL
                                                                                       UNITED STATES DISTRICT JUDGE

---

[1] The Court is aware of the cases which find that a retaliatory discharge claim is not part of a worker's compensation claim but, rather, is a separate tort action. *See, e.g., Van Cleave v. McKee Baking Co.,* 712 S.W.2d 94, 95 (Tenn. 1986), but it agrees with the distinctions made by the *Thompson* court. *Thompson*, 797 F.Supp. at 622-23.